# UNITED STATES DISTRICT COURT
## DISTRICT COURT OF MARYLAND

**DEBORAH K. CHASANOW**
UNITED STATES DISTRICT JUDGE

6500 Cherrywood Lane
Greenbelt, MD  20770
(301) 344-0634

January 13, 2011

TO:  Counsel

RE:  Bethesda Softworks LLC v.
     Interplay Entertainment Corporation
     Civil Action No. DKC 09-2357

Dear Counsel:

Plaintiff Bethesda Softworks LLC ("Bethesda") has filed a motion to compel concerning several interrogatories and document requests addressed to Defendant Interplay Entertainment Corporation ("Interplay").[1]  This letter order addresses those outstanding issues, along with the associated motions to seal filed by Bethesda.  For the reasons stated below, Bethesda's motion to compel (ECF No. 70-1) is GRANTED in part and DENIED in part.  Both motions to seal (ECF Nos. 74, 75) are GRANTED.

## Interrogatories

First, Bethesda has moved to compel complete responses to several interrogatories.

One of the objections Interplay frequently raises reads: "[T]his request violates FRCP 33(a)(1) in that it exceeds the allowable limit of interrogatories, including discreet [sic] subparts."  This objection fails.  "An interrogatory containing subparts directed at eliciting details concerning the common theme should be considered a single question, but an interrogatory with subparts inquiring into discrete areas is more likely to be counted as more than one for purposes of limitation."  *Mezu*, 269 F.R.D. at 572-73 (quotation marks and

---

[1]   Many of Interplay's responses to Bethesda's discovery requests – including many of its supplemental responses on the motion to compel - are boilerplate objections.  These objections are not useful and the parties are urged not to use them.  "Objections to discovery must be specific, non-boilerplate, and supported by particularized facts where necessary to demonstrate the basis for the objection."  *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 574 (D.Md. 2010).

brackets omitted). The court has reviewed Bethesda's interrogatories and concludes that they do not contain un-enumerated subparts. Each question probes the same basic theme, and subsequent questions within each interrogatory "are secondary to the primary question." *Id.* at 573 (quotation marks omitted). Any objections premised on this "excessive subparts" theory are overruled.

Interrogatory No. 3 asks Interplay to provide, in dollars and units, the monthly sales of FALLOUT Games worldwide. Interplay has agreed to "provide copies of relevant documents that set forth sales in dollars by Interplay of sales of pre-existing FALLOUT Games worldwide, as defined in the Asset Purchase Agreement ("APA") from the date of the APA to date." Those documents should be sufficient to establish any damages from Bethesda's trademark infringement claim. If Interplay has not already produced these documents, it is ordered to do so within 14 days.

Interrogatory No. 12 is a so-called "contention interrogatory" that seeks to glean the factual basis for Interplay's claim that it complied with the Trademark License Agreement's ("TLA") financing provision (up until April 4, 2009). "'[C]ontention interrogatories' . . . can help pin down an opponent's legal theories in a case as well as the primary facts supporting them." *Jayne J. Lee, Inc. v. Flagstaff Indus. Corp.*, 173 F.R.D. 651, 652 (D.Md. 1997). Interplay complains that the interrogatory "states as fact" that the TLA required Interplay to secure financing, but the interrogatory merely recites the terms of the TLA. And the interrogatory does not pertain to purely legal issues; it only asks for any *facts* underlying Interplay's position. *Compare Anderson v. Werholtz*, No. 07-3275-EFM, 2009 WL 392673, at *1 (D.Kan. Feb. 17, 2009) (finding an interrogatory asked about a "purely legal issue" where it asked a party to explain his interpretation of a statutory provision). To the extent production of those facts involves a limited degree of legal analysis, that is not enough to justify a refusal to respond. *Diversified Prods. Corp. v. Sports Ctr. Co.*, 42 F.R.D. 3, 4-5 (D.Md. 1967) ("An interrogatory is not objectionable merely because it involves an opinion, contention or legal conclusion."). Similarly, Interrogatory No. 15 is an appropriate contention interrogatory that requests the facts underlying Interplay's argument that it has complied with the TLA's "full-scale development" provision. It should be answered as well. Interrogatories Nos. 19 through 24 are additional contention interrogatories concerning Interplay's affirmative defenses and counter-claims. There is

nothing offensive in those interrogatories, either. Interplay is instructed to respond appropriately to these interrogatories within 14 days.[2]

Interrogatory No. 14 asks Interplay to provide facts concerning any financing it secured *after* April 4. Interrogatory No. 16 asks Interplay to discuss any development efforts after the same date. For the same basic reasons as those stated above in the discussion of Interrogatory Nos. 12 and 15, Interplay's objections are overruled on these interrogatories as well. Nor are these inquiries irrelevant. Reference to deposition testimony is not a sufficient response unless precise pages and lines are designated. *Cf. Susquehanna Commercial Fin., Inc. v. Vascular Res., Inc.*, No. 1:09-CV-2012, 2010 WL 4973317, at *8 (M.D.Pa. Dec. 1, 2010); *Cont'l Ill. Nat'l Bank & Trust Co. v. Caton*, 136 F.R.D. 682, 686 (D. Kan. 1991). Interplay should respond to these interrogatories within 14 days.

Interrogatory No. 18 asks Interplay to identify "the relationship between any current or past employees, directors, shareholders or principals of [Interplay] and [any of the same] of Interactive Game Group, Masthead Studios, or any other person or entity [identified in Interrogatory Nos. 14-17]." In addition to the boilerplate "subparts" objection discussed and rejected above, Interplay states that the interrogatory improperly refers to "'full-scale development' as opposed to 'development.'" Such an objection is confounding, as the interrogatory does not use either phrase. Interplay should respond to Interrogatory No. 18 within 14 days.[3]

Document Requests

Bethesda also moves to compel responses to five of its document requests.

---

[2]     Interplay objected that some of these interrogatories may reach privileged information. As a general matter, Interplay is not required to produce otherwise privileged information, but must expressly assert the claim and describe the withheld material.

[3]     Interrogatory No. 13 is not addressed herein, as it is evidently no longer at issue.

Interplay objects to Requests Nos. 33 and 34, which request "[a]ll Documents relating to and Communications with any Person about" two terms in the TLA: "Minimum Financing" and "Full-Scale Development." Interplay suggests that these requests improperly state these terms "as fact" and do not meet the specificity requirement of Rule 34 of the Federal Rules of Civil Procedure. Interplay is mistaken. The terms are found in an agreement that Interplay signed, and it is not unreasonable to expect that Interplay could form some good faith understanding of what Bethesda is asking for. *See* Charles Alan Wright & Arthur Miller, *Federal Practice & Procedure* § 2211 (2010) ("Even a generalized designation should be sufficient when the party seeking discovery cannot give a more particular description and the party from whom discovery is sought will have no difficulty in understanding what is wanted.").

Interplay has expressed some hesitancy to produce certain trade secret development documents that are responsive to Document Request No. 34. Interplay is therefore ordered to produce documents responsive to Document Request No. 34 to Bethesda, subject to the proviso that the documents may be made available only to Bethesda's outside counsel and *not* to any of Bethesda's "business decisionmakers," including its in-house attorneys. Such documents should be designated "Confidential – Outside Counsel's Eyes Only." Should Bethesda still find such production insufficient, it may ask the court to revisit this issue.

Document Requests Nos. 35, 36, and 37 ask for information concerning Bethesda's relationship with Interactive Game Group and Masthead Studios. Interplay's objection that these requests are overbroad is overruled; the requests are sufficiently specific, the requested information is relevant, and the requests are calculated to lead to useful evidence.

Interplay raises one matter specific to Document Request No. 36 that merits further comment: it suggests that the request was the subject of a motion to compel third-party discovery that was addressed in an earlier order in the Southern District of New York. Obviously, a request for documents from a party (*i.e.*, Interplay) is a different matter than a request from a non-party (*i.e.*, Interactive Game Group). There is nothing in the present record that suggests that the earlier decision should have any bearing on the court's decision on the present motion. This document request, and all other document requests discussed above, should be completely answered within 14 days.

4

Bethesda further complains that Interplay has failed to produce several documents that it agreed to produce. These documents include:

- The long-form agreement with Masthead Studios;
- Documents concerning packaging for the FALLOUT games;
- Documents concerning distribution for the FALLOUT games;
- Documents showing sales, in units and dollars, of FALLOUT games and compilations, including FALLOUT TRILOGY;
- Documents relating to Interplay's affirmative defenses of estoppel, waiver, ratification, acquiescence, consent, laches, and unclean hands;
- Documents relating to Interplay's counterclaim; and
- Documents relating to Glutton Creeper, an Interplay licensee.

Interplay responds that it has in fact produced many of these documents and has agreed to produce the rest. Consequently, the motion to compel is effectively moot as to these issues. However, to the extent Interplay has not yet produced the documents listed above, it must do so within 14 days.

<u>Motions to Seal</u>

Bethesda filed two unopposed motions to seal pertaining to (a) two exhibits to its motion to compel and (b) an un-redacted version of its reply brief. The items Bethesda proposes to seal reference materials produced to Bethesda under a "confidential" or "attorneys eyes' only" designation. In accordance with the Local Rules, Bethesda has offered specific factual representations to justify the sealing and explained why alternatives would be insufficient. *See* Local Rule 105.11. Accordingly, the motions may be granted.

Despite the informal nature of this letter, it constitutes an Order of the Court and the clerk is instructed to docket it as such.

Very truly yours,

/s/

DEBORAH K. CHASANOW
United States District Judge